UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GHAFOUR ASEMANI**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN,**<br>*et al.*,<br><br>**Defendants.** | **Civil Action No.  01-2231 (JDB)** |

## MEMORANDUM OPINION

Plaintiff's complaint against the Islamic Republic of Iran, the Ayatollah Khamenei, and several agencies of the Government of Iran was dismissed with prejudice on the ground that plaintiff had failed to state a claim against these defendants on which relief could be granted. The complaint was dismissed without prejudice as to two unnamed members of the Islamic Revolutionary Guards Corps, on the ground that the court cannot issue summonses for unidentified persons.  In a post-judgment motion to vacate the dismissal as to the unnamed members of the Islamic Revolutionary Guards Corps, plaintiff seeks to add as a defendant the head of that agency, identified as Ali Fallahian-Khouzestani.  He asserts that the names of the individual guards will be revealed in discovery.   In a separate motion he proposes to add as a defendant the Chief Justice of the Islamic Revolutionary Court.  Both motions will be denied. [1]

---

[1]  Plaintiff observes that the final judgment, which dismissed the case with prejudice as to the Islamic Republic of Iran, the Ayatollah Ali Hoseini Khamenei, and various agencies of the Iranian government, omitted reference to the Islamic Revolutionary Guards Corps.  This inadvertent omission will be rectified in the order accompanying this opinion.

(continued...)

Plaintiff's complaint is based on the aftermath of his attempt to visit a Baha'i shrine in Israel in July 2000, while on a visit to his native country, Iran. On his return to Iran from this abortive visit, plaintiff alleges, he was tortured and falsely detained because of his adherence to the Baha'i faith. His claims against the original defendants, based on the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*., were dismissed because neither that act nor the Flatow Amendment, 28 U.S.C. § 1605 note, provides a right of action against a foreign government or its instrumentalities in their official capacities. *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004). *Cicippio-Puleo* noted that the Flatow Amendment does create a right of action against officials, employees, or agents of a foreign state *acting in their individual capacities*. This is presumably the basis on which plaintiff seeks to name two individual agents of the Islamic Republic of Iran as defendants in this case.

In his motion for relief from the dismissal order, plaintiff specifically does not contend that the proposed new defendant, Khouzestani, "took part in the actual and physical beatings he took on July 14, 2000. Asemani has never come face to face with Khouzestani." *Motion for Relief from Dismissal*, at 4. Plaintiff does assert that this individual "was surely intimately involved in ordering [his] detention and torture." *Id.* In support of this allegation, plaintiff cites a report by Human Rights Watch, which describes the Revolutionary Guards as an agency responsible for internal security in Iran that engages in "[s]ystematic abuses" including torture. The report states that religious minorities, particularly Baha'is, are subject to repression by

---

[1](...continued)
Plaintiff also asserts other grounds for relief from the earlier order of dismissal, none of which are meritorious or even warrant further discussion.

security forces. *Id.* at 9 & Exhibit 2 at 2051, 2054.[2]

Although plaintiff concedes that the prospective defendant Khouzestani "is not mentioned by name anywhere in" the Human Rights Watch report, he asserts that "one of his primary duties 'for internal security' purposes is to keep tab of 'high value targets' such as [plaintiff]; a U.S.-educated Baha'i with religious ties to Israel." *Id.* at 9.  Plaintiff asserts that "a target of his caliber could not have escaped Khouzestani's personal attention during the summer of 2000." *Id.* Khouzestani, plaintiff alleges, "unquestionably maintains an office" at the Tehran International Airport, "was certainly aware of [plaintiff's] Baha'i activities and he was the behind-the-scenes force which culminated in [plaintiff's] torture," which occurred at the airport. *Id.*

For purposes of this motion the Court assumes that plaintiff could prove that Khouzestani was aware of his existence and put in motion the forces that resulted in plaintiff's alleged detention and torture at the Tehran airport in 2000.    Nevertheless, plaintiff's motion will be denied because he has not provided any ground for a finding that the court can exercise personal jurisdiction over Khouzestani consistent with due process.

Congress has provided a method for effecting service of process on foreign states and their agencies in cases in which sovereign immunity is waived through the FSIA. *See* 28 U.S.C. § 1608.[3]  In  cases brought against officials who are not entitled to sovereign immunity although acting in an official capacity, personal jurisdiction is deemed to exist.  28 U.S.C. § 1330(b); *see* 28 U.S.C. § 1603(a) & (b).  However, jurisdiction over foreign officials for actions taken in their

---

[2] Exhibit 2 to the *Motion for Relief from Dismissal Order* is, plaintiff alleges, an excerpt from the Human Rights Watch report on Iran.   There is, apparently, no Exhibit 1.

[3] An individual acting in an official capacity is covered by the FSIA. *See, e.g., El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996); *Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095, 1101-03 (9th Cir. 1990).

*individual* capacities is subject to the Fifth Amendment requirement that an individual have sufficient contacts with the United States to justify exercise of personal jurisdiction over him. *See, e.g., Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020 (D.C. Cir. 1997); *Burnett v. Al Baraka Investment & Development Corp.*, 292 F. Supp. 2d 9, 14, 21-23 (D.D.C. 2003); *cf. Biton v. Palestinian Interim Self-Government Authority*, 310 F. Supp. 2d 172 (D.D.C. 2004), *appeal dismissed*, 2004 WL 1454096 (D.C. Cir. No. 04-7054, June 24, 2004); *see generally International Shoe Co. v. Washington*, 326 U.S. 310 (1954); *Advisory Committee Notes* to 1993 Amendments, note to Subdivision (k)(2).[4]

In *Jungquist*, the Court of Appeals held that this court could not constitutionally exercise jurisdiction under the District of Columbia's long arm statute, D.C. Code § 13-423, over two officials of Abu Dhabi insofar as they were sued in their individual capacities, because the officials had never been in the District of Columbia and they had not specifically contemplated that the injured plaintiff's treatment would occur in the District of Columbia. In *Burnett*, because the foreign official had only sporadic contacts with the United States, none of which were related to the plaintiffs' claims, the court held that the exercise of personal jurisdiction over him for

---

[4] Rule 4(f) of the Federal Rules of Civil Procedure provides several methods by which individuals not within a judicial district of the United States may be served with process. However, the rules further provide that

> [*i*]*f the exercise of jurisdiction is consistent with the Constitution and laws of the United States*, serving a summons . . . is . . . effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed. R. Civ. P. 4(k)(2)(emphasis added). The notes to subsection (k)(2), which was added in the 1993 amendments to the Rules, specifically observe that there are "constitutional limitations on the exercise of territorial jurisdiction by federal courts over persons outside the United States."

actions taken in his personal capacity would violate "'traditional notions of fair play and substantial justice'"[5] *Burnett*, 292 F. Supp. 2d at 21-23.   In *Biton*, the court concluded that it could not constitutionally exercise personal jurisdiction over individual Palestinian officials, none of whom was alleged "to have any presence, asset, or activity in the United States." *Biton,* 310 F. Supp. 2d at 178-79; *accord, e.g., Estates of Ungar v. The Palestinian Authority*, 153 F. Supp. 2d 76, 91-92 (D.R.I. 2001).

Plaintiff does not allege that Khouzestani has or ever had any "presence, asset, or activity in the United States."  Because for this reason the Court cannot constitutionally exercise personal jurisdiction over Khouzestani, it would be futile to allow plaintiff to amend his complaint to add him as a defendant.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).   Plaintiff's motion for relief from dismissal must therefore be denied.

For the same reasons plaintiff's motion to add a second new defendant, the Chief Judge of the Islamic Revolutionary Court, will be denied.  Plaintiff asserts that this individual, Hoggatol-Islam Nayerri, "became involved with Asemani's situation" only after his encounter with the Islamic Revolutionary Guards.  *Motion to Add Defendant*, at 2.  Plaintiff does not provide any information as to how this individual "became involved with [his] situation," but merely alleges that "judicial sanctions" against individuals attempting to travel to Israel would be imposed by the Supreme Court which Nayerri heads.  Plaintiff provides nothing whatever from which this Court can conclude that Nayerri has any connection at all with the United States that would provide a basis for the exercise of personal jurisdiction over him, consistent with due process. Hence, it would likewise be futile to permit amendment to add Nayerri as a defendant.

---

[5] *International Shoe Co.*, 326 U.S. at 316, quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

For the foregoing reasons, plaintiff's pending motions will be denied. An appropriate order accompanies this Memorandum Opinion.

    /s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated: September 29, 2004

Copy to:

Billy G. (Ghafour) Asemani
BCP # 2003-4649
Housing Unit: A-125
Berks County Prison
1287 County Welfare Road
Leesport, PA 19533-9397

-6-